UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RASHAD AKEEM RASHEED,     *
*formerly known as* BOBBY RAY KINES,     *
                                     *
        Petitioner,                    *
                                     *
    v.                                 *     Civil Action No. 14-cv-11885-IT
                                     *
MICHAEL THOMPSON,                *
                                     *
       Respondent.                 *

MEMORANDUM & ORDER

December 17, 2014

TALWANI, D.J.

I.     Introduction

Before this court are Petitioner Rashad Akeem Rasheed's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [#1], Respondent Michael Thompson's Motion to Dismiss [#14], and Rasheed's Motion for Leave to File Supplemental Habeas Corpus Petition [#24]. Rasheed's petition is the latest in a series of at least five § 2254 petitions challenging his 1975 convictions for rape, armed robbery, and kidnapping. Because Rasheed's petition is a "second or successive" habeas corpus application, this court lacks jurisdiction to consider the petition without authorization from the United States Court of Appeals for the First Circuit. Accordingly, and pursuant to First Circuit Rule 22.1(e) and 28 U.S.C. § 1631, the court transfers the petition to the United States Court of Appeals for the First Circuit.

II. Background[1]

On September 12, 1975, a jury in Suffolk Superior Court convicted Rasheed of rape, armed robbery, and kidnapping. Pet. 1 [#1]. The Superior Court sentenced Rasheed to concurrent terms of life, twenty-five-to-forty years, and seven-to-ten years in prison. Rasheed v. Nolan, No. 87-1957-RGS, 2004 WL 3019348, *1 (D. Mass. Dec. 30, 2004). The Massachusetts Court of Appeals affirmed Rasheed's convictions on direct appeal. Commonwealth v. Kines, 367 N.E.2d 861 (Mass. App. Ct. 1977). Rasheed then unsuccessfully sought federal habeas corpus relief for the first time. Kines v. Butterworth, No. 78-01176-G (D. Mass. May 3, 1979) (order denying petition), aff'd, 618 F.2d 93 (1st Cir. 1980). In 1983, Rasheed filed a second federal habeas petition, which the court denied for failure to exhaust state remedies. Rasheed, 2004 WL 3019348, at *1 (citing Kines v. Ponte, No. 83-1054-N (D. Mass. Aug. 6, 1985)).

On August 4, 1987, Rasheed filed a third federal habeas petition in which he raised nine claims for relief, including claims for ineffective assistance of counsel and failure to disclose exculpatory evidence. The court found that Rasheed's petition presented "no cognizable claim for relief" and dismissed the petition. Rasheed v. Bender, No. 87-1957-MA, 1988 WL 22506, at *4 (D. Mass. Mar. 1, 1988), aff'd, 873 F.2d 1432 (1st Cir. 1989).

On July 3, 2003, Rasheed filed a motion to reopen proceedings related to his third federal habeas petition under Federal Rule of Civil Procedure 60(b). As grounds for relief, Rasheed alleged that the prosecutor intentionally suppressed exculpatory evidence and that Rasheed's confinement to the prisoner's dock during trial violated his due process rights. The court held that Rasheed's Rule 60(b) motion constituted an unauthorized, successive habeas petition and

---

[1] The factual and procedural history of Rasheed's convictions and subsequent proceedings are more fully set forth in Rasheed v. Nolan, No. 87-1957-RGS, 2004 WL 3019348, *1-2 (D. Mass. Dec. 30, 2004), and Rasheed v. Gelb, No. 12-11921-DJC, *1-4 (D. Mass Jan. 3, 2013) (report and recommendation), adopted by, No. 12-11921-DJC (D. Mass. Feb. 5. 2013).

2

dismissed the petition for lack of jurisdiction.  Rasheed, 2004 WL 3019348, at *2-3, certificate of appealability denied, No. 05-1346 (1st Cir. Nov. 21, 2005).

On May 31, 2007, Rasheed filed a motion to reopen proceedings related to his first petition under Rule 60(b).  The court denied Rasheed's Rule 60(b) motion on the grounds that the motion was identical to Rasheed's prior Rule 60(b) motion and constituted "a second or successive habeas petition that cannot be considered without leave of the Court of Appeals." Rasheed v. Marshall, No. 78-01176-MLW, at *4-5 (D. Mass. Aug. 6, 2007).  Thereafter, Rasheed filed, and the court denied, a series of motions to reconsider and reopen his first and third habeas proceedings.  See Rasheed v. Marshall, No. 78-01176-MLW (D. Mass. Aug. 17, 2007 through Aug. 16, 2010); Rasheed v. Bender, No. 87-01957-RGS (D. Mass. Jan. 11, 2005 through July 7, 2011).

On October 16, 2012, Rasheed filed another § 2254 petition, in which he alleged that the prosecutor failed to disclose a chemist's report and other crime scene evidence until 2011.  The court held that the petition constituted an unauthorized, successive habeas corpus application and dismissed the petition for lack of jurisdiction.  Rasheed v. Gelb, No. 12-11921-DJC (D. Mass. Jan. 3, 2013) (report and recommendation), adopted by, No. 12-11921-DJC (D. Mass. Feb. 5, 2013), certificate of appealability denied, No. 13-1287 (1st Cir. June 24, 2013).

On March 15, 2013, Rasheed filed an application for leave to file a second or successive habeas corpus petition in the United States Court of Appeals for the First Circuit.  Rasheed requested leave to assert a violation under Brady v. Maryland, 373 U.S. 83 (1963), based on the prosecutor's alleged failure to disclose a chemist's report and other crime scene evidence.  The First Circuit denied Rasheed's application.  Rasheed v. Gelb, 13-1342 (1st Cir. May 1, 2013).

Finally, on April 16, 2014, Rasheed filed the instant § 2254 petition.  In his petition,

3

Rasheed asserts four grounds for relief: (1) the prosecutor failed to disclose exculpatory evidence, (2) the prosecutor improperly introduced evidence of prior crimes, (3) the trial court erroneously confined Rasheed to the prisoner's dock during trial, and (4) trial and appellate counsel were ineffective for failing to obtain exculpatory evidence. Pet. 5-10. On July 15, 2014, Respondent filed a Motion to Dismiss [#14] on the ground that Rasheed's petition constitutes an unauthorized, successive habeas application. Rasheed opposed the motion. See Opp'n Resp't's Mot. Dismiss [#20]. On November 17, 2014, Rasheed filed a Motion for Leave to File Supplemental Habeas Corpus Petition [#24] based on newly discovered evidence that his DNA does not match saliva samples found on two cigarettes retrieved from the crime scene.

III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes strict limitations on the power of federal courts to entertain "second or successive" habeas corpus applications. See 28 U.S.C. § 2244(b). In particular, AEDPA's gatekeeping provision requires a petitioner to apply to the appropriate court of appeals for authorization to file a "second or successive" § 2254 petition. Id. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The First Circuit has interpreted this provision as "'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008) (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)); see also Pratt, 129 F.3d at 57 ("This statutory directive means that a district court, faced with an unapproved second or successive habeas petition, must

4

either dismiss it or transfer it to the appropriate court of appeals." (internal citations omitted)).

Although AEDPA does not define the phrase "second or successive," the First Circuit has outlined several situations in which a numerically second petition is not considered "second or successive" for AEDPA purposes. See Sustache-Rivera v. United States, 221 F.3d 8, 12-13 (1st Cir. 2000); United States v. Barrett, 178 F.3d 34, 43-44 (1st Cir. 1999). These situations include: (1) "where the later petition attacks a different criminal judgment," (2) "where the earlier petition terminated without a judgment on the merits," (3) "where a state prisoner's later petition raises the same grounds as a previous petition that had been dismissed for failure to exhaust state remedies," and (4) "where the later petition raises the same grounds as a previous petition that had been dismissed as premature." See Sustache-Rivera, 221 F.3d at 12-13. Other circuits have recognized at least two additional exceptions: (1) "where the earlier petition was rejected for failure to pay a filing fee or for errors of form," and (2) "where the earlier petition was mislabeled as a § 2255 but was really a § 2241 petition challenging the execution, but not the validity, of a sentence." Sustache-Rivera, 221 F.3d at 13 n.7 (citing Barrett, 178 F.3d at 43).

Rasheed's instant petition does not fit into any of the above exceptions. Rasheed's petition attacks the same criminal judgment as his 1987 petition. The court dismissed Rasheed's 1987 petition on the merits and for reasons unrelated to exhaustion, maturity, payment of the filing fee, or errors of form. Finally, Rasheed's 1987 petition was properly construed as a § 2254 petition challenging the validity of his convictions and sentence. Accordingly, the court finds that Rasheed's instant petition is a "second or successive" application subject to AEDPA's gatekeeping requirements.[2]

---

[2] Although not raised by either party in this case, the court notes that the Ninth Circuit has expressed some uncertainty as to the applicability of AEDPA's gatekeeping requirements in the context of Brady claims. Compare United States v. Lopez, 577 F.3d 1053, 1066-67 (9th Cir.

5

Rasheed has not obtained an order from the Court of Appeals authorizing this court to consider his successive petition. As a result, this court must either dismiss the petition or transfer the petition to the Court of Appeals. See First Circuit Rule 22.1(e) ("If a second or successive § 2254 . . . petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition."); Barrett, 178 F.3d at 41 n.1 ("Several circuits have mandated transfer, pursuant to 28 U.S.C. § 1631, rather than dismissal. We have not so mandated, but we note that transfer may be preferable in some situations in order to deal with statute of limitations problems or certificate of appealability issues." (internal citations omitted)). Rather than require Rasheed to re-file, this court will transfer his petition to the United States Court of Appeals for the First Circuit.

IV.     Conclusion

For the above-stated reasons, Respondent's Motion to Dismiss [#14] is ALLOWED IN PART and DENIED IN PART. Rasheed's Petition [#1] and Motion for Leave to File Supplemental Habeas Corpus Petition [#24] are hereby TRANSFERRED to the United States Court of Appeals for the First Circuit for consideration of Rasheed's implicit request for an order

---

2009) ("[W]e need not, and do not, resolve the more difficult question whether all second-in-time Brady claims must satisfy AEDPA's gatekeeping requirements . . . ."), with Tompkins v. Sec'y Dep't of Corr., 557 F.3d 1257, 1260 (11th Cir. 2009), and Evans v. Smith, 220 F.3d 306, 323-24 (4th Cir. 2000). Because the First Circuit has not recognized an exception to AEDPA's gatekeeping requirements for Brady claims—either in addressing Rasheed's prior petitions or otherwise, see, e.g., Rasheed v. Nolan, No. 87-1957-RGS, 2004 WL 3019348 (D. Mass. Dec. 30, 2004), certificate of appealability denied, No. 05-1346 (1st Cir. Nov. 21, 2005); Rasheed v. Gelb, No. 12-11921-DJC (D. Mass Jan. 3, 2013) (report and recommendation), adopted by, No. 12-11921-DJC (D. Mass. Feb. 5. 2013), certificate of appealability denied, No. 13-1287 (1st Cir. June 24, 2013); Rasheed v. Gelb, No. 13-1342 (1st Cir. May 1, 2013) (denying request to file a successive petition)—the court declines to do so here.

6

authorizing this court to consider his § 2254 petition.  The Clerk shall CLOSE this case, subject to reopening in the event the Court of Appeals authorizes this court to consider the petition.

    IT IS SO ORDERED.

Date:   December 17, 2014                                    /s/ Indira Talwani
                                                                                    United States District Judge